UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MORRIS JACKSON, | ) | CASE NO. 1:13 CV 972 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| TERRY TIBBALS, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

On April 30, 2013, plaintiff *pro se* Morris Jackson, an inmate at the Mansfield Correctional Institution (ManCI), filed this action against ManCI Warden Terry Tibbals, "pursuant to Article I, Section 8 of the Ohio Constitution." While the allegations of the complaint are unclear, plaintiff asserts he was convicted of an offense that does not exist under Ohio law, and thus the trial court lacked jurisdiction.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000).

The Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 501 (1973). Plaintiff is explicitly challenging his conviction and resulting

prison sentence.

Accordingly, this action is dismissed without prejudice under section 1915A.  Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date: September 11, 2013                          s/  James S. Gwin
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE